## Smith *v.* Cockrill.

1. Congress having enacted in 1828, "that the forms of mesne process, and the forms and modes of proceeding in suits in the courts of the United States, held in those States admitted into the Union since the 29th of September, 1789, in those of common law, shall be the same in each of the said States, respectively, as are now used in the highest court of original and general jurisdiction of the same; in proceedings in equity, according to the principles, rules, and usages, which belong to courts in equity;" the effect of an act of 1861, admitting Kansas into the Union, and providing that "all the laws of the United States, which are not locally inapplicable, shall have the same force and effect within that State as in other States of the Union;" and constituting the State "a judicial district," was to re-enact, as respected Kansas, the provision of the act of 1828.

2. Accordingly, the Federal courts of Kansas have a right to issue execution, and the marshal of the United States there, a right to execute it.

3. But a sale by the marshal, not conforming the mode of proceeding in levying the execution and making the sale, to the State practice, is irregular and void, and a deed by him on such sale conveys no title.

ERROR to the Circuit Court for the District of Kansas.

The suit was an action of ejectment by Cockrill against Smith, to recover the possession of several lots of land in the city of Leavenworth.

The plaintiff claimed title, under a sale on a judgment against one Clark, recovered in a State court on the 4th of April, 1862. The sale took place on execution upon the judgment on the 23d of July, 1863, at which the plaintiff, Cockrill, became the purchaser, and received a deed from the sheriff of the lots in question.

The defendant, Smith, also claimed title under a sale on execution upon two judgments against Clark, recovered in

the District Court of the United States—one on the 29th of May, 1861, the other on the next day of the same month. And the sale took place under the executions by the marshal on the 8th August, 1861, and Smith became the purchaser, and received a deed from the marshal for the same lots.

Both parties thus set up title under Clark; and as Smith, the defendant below, had the elder title, if there was nothing else in the case, he would have been entitled to recover.

It was objected, however, that the deed to him from the marshal under the sale was void, for the reason that it was not made in conformity with the code of civil procedure of Kansas, which requires an appraisement of the. property levied on, and that it shall be sold on the execution for two-thirds of its appraised value.

It being admitted that the property was not thus appraised, nor sold, the court below held that the sale was void, and that the marshal's deed conveyed no title to the purchaser. The correctness of this view raised the only question in the case.

*Mr. T. A. Hendricks and Mr. R. Breckenridge, for the plaintiff in error; Messrs. Clough and Wheat, with an elaborate brief of Mr. Lysander B. Wheat, setting out the statutes and authorities bearing on the case—contra.*

Mr. Justice NELSON delivered the opinion of the court.

The State of Kansas was admitted into the Union by act of Congress on the 29th January, 1861, the fourth section of which provided, " that from and after the admission of the State of Kansas, as heretofore provided, all the laws of the United States, which are not locally inapplicable, shall have the same force and effect within that State as in other States of the Union : and the said State is hereby constituted a judicial district," &c.*

The act of 1828 provided, " that the forms of mesne process, except the title, and the forms and modes of proceed-

---

* 12 Stat. at Large, 128.

ing in suits in the courts of the United States, held in those States admitted into the Union since the 29th of September, 1789, in those of common law, shall be the same in each of the said States, respectively, as are now used in the highest court of original and general jurisdiction of the same; in proceedings in equity, according to the principles, rules, and usages, which belong to courts in equity, &c., except so far as may have been otherwise provided for by acts of Congress, subject, however, to such alterations and additions as the courts of the United States shall, in their discretion, deem expedient," &c.

This act was re-enacted August 1st, 1842. The act of 1828, is one of the acts extended over the State of Kansas, and which is declared "to have the same force and effect within that State as in other States of the Union." As it respects that State, it was a virtual re-enactment of it. It had the effect, therefore, to adopt as the forms and modes of proceeding, in suits in the Federal courts at common law, the same as existed at the time, and were used in the highest common law courts of the State; and by the third section of the act of 1828, writs of execution and other final process issued on judgments rendered in courts of the United States, were to be the same as used in the State.*

In the absence of this provision in the act admitting Kansas into the Union, extending the Federal laws over it, there would be great difficulty in finding any authority in the court to issue the execution, or in the marshal to execute it, but with it all difficulty disappears. The result, however, is, that the sale by the marshal in not conforming the mode of proceeding in levying the execution, and making the sale, to the State practice, is irregular and void, and the deed to Smith, the defendant, conveyed no title. The civil code of procedure of the Territory requiring the appraisal, and sale at two-thirds of the appraised value, was continued in force at the formation of the State, and, consequently, was the mode of proceeding adopted on the introduction of the pro-

---

* Beers v. Haughton, 9 Peters, 361 ; Parsons v. Bedford, 3 Ibid. 445.

cess act of 1828–1842, and to which the marshal should have conformed in making the sale.

JUDGMENT AFFIRMED.