JULIA J. REYNOLDS, *et al.*, v. ADAH B. QUAELY, *as Adm'x, &c.*

1. PARTY; ASSIGNMENT OF CAUSE OF ACTION; *Death of Plaintiff; Successor in Interest.* Where the plaintiff, in an action on a note and mortgage, assigns the same to a third person, and afterward dies, it is error to allow such action to be prosecuted to final judgment in the name of the administrator of said plaintiff.

2. ——— And in such a case, where such assignee is not a party to the action, it is error to render judgment in favor of the administrator, even though expressed as being "to the use of" such assignee.

3. ——— In such case the action should be revived and prosecuted in the name of the assignee.

4. WAIVER OF APPRAISEMENT; *Stay of Execution.* Where appraisement is waived, the defendant is entitled to a stay of execution for six months; and a judgment which authorizes a sale of real estate without appraisement, and gives a stay of execution for only twenty days, is erroneous.

*Error from Labette District Court.*

THE subjoined opinion contains a sufficient statement of all necessary facts and proceedings. *Reynolds* and *Reynolds*, defendants, bring the case here on error.

*A. H. Ayres*, for plaintiffs in error.

*Cory & Kimball*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on certain promissory notes and a real-estate mortgage, executed by Julia J. Reynolds and Geo. A. Reynolds, to R. S. Stevens, and by him transferred to J. J. A. Quaely. In January 1875, Quaely commenced this action against said Julia J. and Geo. A. Reynolds, on said notes and mortgage. Two of the notes were then past due; the third note had four months yet to run before maturity. On 12th July 1875, Quaely assigned said notes and mortgage to his mother, Catherine Quaely, and four days later, on July 16th, judgment was rendered on said

24—18 KAS.

notes and mortgage in favor of said J. J. A. Quaely, and against said defendants. On July 19th, the defendants filed a motion for a new trial. On Sept. 4th, the court still being in session, said motion was heard and sustained. The new trial was granted for the purpose of permitting the defendants to introduce additional evidence in proof of the third defense set forth in their answer. On Nov. 15th 1875, the death of the plaintiff J. J. A. Quaely was suggested, and the action was revived in the name of Adah B. Quaely, administratrix of the estate of said J. J. A. Quaely deceased. When J. J. A. Quaely died, is not shown by the record. In December 1875, another trial was had. On this trial the court made the following findings, and rendered the following judgment, to-wit:

The court finds, as conclusions of fact—1st, That J. J. A. Quaely, deceased, formerly plaintiff in this action, was the owner and holder of the notes and mortgage sued upon herein at the time this action was commenced.

2d, That the judgment heretofore rendered herein, and all rights and benefits accruing therefrom, or to the proceeds of said notes and mortgage, had been on the 12th of July 1875, assigned and transferred to Catherine Quaely, who is now the owner and holder thereof.

3d, That on the 11th of Nov. 1875, the plaintiff Adah B. Quaely was duly appointed administratrix of the estate, chattels and credits of J. J. A. Quaely, deceased.

4th, That the remaining facts, besides the above, are as found and decided in favor of J. J. A. Quaely on the former trial of this cause.

And the court finds as conclusions of law—1st, That the plaintiff, under the amended petition herein, is entitled to recover upon the notes and mortgage declared upon, of and from the defendants; 2d, That such recovery should be for and to the use of Catherine Quaely, now the real owner of the notes and mortgage.

And thereupon, (the plaintiff by her attorneys consenting,) it is by the court considered, ordered, and adjudged, that the plaintiff have and recover of and from said defendants, for the use and benefit of said Catherine Quaely, assignee, $5,458.33, together with the costs of this action taxed at $———. And it is further considered, ordered, and decreed, that

unless said judgment, interest, and costs, be paid within twenty days from this date, the sheriff of this county shall proceed to advertise and sell, without appraisement, the mortgaged premises, and apply the proceeds thereof as here-inafter provided. [The details of how the property shall be advertised and sold, and how the proceeds thereof shall be disposed of are here stated, and then the judgment proceeds as follows:] And execution is awarded for any balance of the judgment remaining unpaid after the sale of the said premises and application of the proceeds, as hereinbefore provided.

The defendants below, who are now plaintiffs in error, claim that this judgment is erroneous and illegal. And first, they claim that the actual plaintiff in this action, Adah B. Quaely, administratrix of the estate of J. J. A. Quaely deceased, has no interest in the subject-matter of the action, and that the real party in interest, Catherine Quaely, is not a party to the suit, and therefore that no such judgment as was rendered in this case, could legally be rendered. They claim, secondly, that a judgment which authorizes a sale of real estate for the satisfaction of a debt, and provides that the proceedings for such sale may be commenced within *twenty days*, and that the real estate may be sold *without appraisement*, is not warranted by law. And thirdly, they claim that the court below also erred in rendering a judgment (as the court below did in this case) upon a note which was not due when this action was commenced.

We sustain the first and second claims of the plaintiffs in error, but express no opinion in regard to the third. Said notes and mortgage did not belong to J. J. A. Quaely at the time of his death. They do not now belong to his estate. They are not assets in the hands of the administratrix, and there is no law authorizing the administratrix to administer upon them. (See executor-and-administrator act, Gen. Stat. 439, §§ 39, 40; p. 440, §§ 46, 47, 48; p. 461, § 152.) It is probably true, under section 40 of the code, (Gen. Stat. 637,) that, if J. J. A. Quaely had lived, the action might have pro-

ceeded to its final determination in his name, notwithstanding his transfer of interest. But no authority is anywhere given for allowing such an action to proceed in the name of a personal representative of a deceased person. A person while living may take the risks and chances, and suffer the inconveniences and possible losses, of allowing an action to still proceed in his name after he has transferred all interest in the subject-matter thereof; but after his death, his administrator has no such right. The administrator has a right to attend only to the affairs of the estate. The estate is not to pay him for doing anything else, and the estate is not to take any risks for anything else. Nor does the administrator become the guardian for those persons for whom his intestate was guardian. Indeed, the administrator is not guardian for any person or for anything except for matters connected with the estate. When J. J. A. Quaely died, the action should have been revived and prosecuted in the name of Catherine Quaely, his successor in interest, and not in the name of his personal representative to whom his right did not pass. (Civil code, §§ 40, 425, 430.) There might be cases where it would be proper for both the administrator and the person claiming to be the successor in interest to be made parties, and to allow them to interplead for the purpose of determining which was entitled to the judgment that might be recovered.

In this state all land sold on execution must be appraised, (Gen. Stat. 716, § 453,) except where the words, "appraisement waived," or other equivalent words, are inserted in the contract upon which the judgment is rendered, (Laws of 1872, p. 105.) Where the lands are appraised they are not allowed to be sold for less than two-thirds of their appraised value. But where the appraisement is waived, the debtor is entitled to a stay of execution for six months, and then the property may be sold for what it will bring. In this case the appraisement was waived; and therefore the error of the court below, was not in ordering the property to be sold with-

out appraisement, but in not granting the stay of execution for six months. The stay actually granted was for only twenty days.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.