# JAMES DeJARNETTE v. M. J. VERNER et al.

1. EXECUTION — *Levy* — *Duty of Sheriff.* Where a sheriff holds an execution against property, and for want of sufficient personal property attempts to make the money to satisfy the judgment out of real estate, he must levy upon the land itself and not upon a mere interest therein, and he must have the land itself appraised and sell the same without reference to any lien or incumbrance which may be upon the land. It is not for him to inquire whether the land is subject to a mortgage or not.

2. SHERIFF'S SALE, *When Void.* And when he sells the land in such a case, he must, except where appraisement has been waived, sell the same for not less than two-thirds of its appraised value. (Civil Code, § 455,) and if he sells the same for less, the sale is void. (*Capital Bank v. Huntoon*, 35 Kas. 578, 591, 592.)

3. SALE — *Waiver of Invalidity* — *Suit Against Sheriff.* But where a sheriff's sale is void for such a reason and only for such a reason, and only to the injury of the judgment debtor, the judgment debtor may, if he chooses, waive the invalidity of the sale, treat the sale as valid, and make it valid by suing the sheriff for any damages which he may have sustained by reason of such irregular sale; and the sheriff, in such a case, will not be allowed to plead his own wrong, or set forth his own void sale, to defeat the action.

4. SALE, *Less Than Two-Thirds of Appraised Value.* Where two-thirds of the appraised value of real estate sold at sheriff's sale was $901, and there was a supposed mortgage on the property of $800, and the sheriff sold the property for the sum of only $101, but subject to such mortgage, he sold the property for less than two-thirds of its appraised value.

5. SHERIFF'S SALE — *Substance, Not Waived, But Only Irregularities.* Where a sheriff's sale of real estate has been made, and the owner thereof moves to set aside the sale for the reason that the property was not sold for two-thirds of its appraised value, and for other reasons, and the motion is overruled by the court and the sale confirmed, he does not thereby waive his right to afterward treat the sale as void, or to sue the sheriff for any injury which he may have sustained by reason of such sale. By being a party to a motion to set aside or confirm a sheriff's sale, which motion is decided against such party, he does not thereby and for the future waive or cure anything of substance, but only irregularities. (*Capital Bank v. Huntoon*, 35 Kas. 577, 587, et seq.)

6. JUDGMENT — *Extent of Satisfaction by Sheriff's Sale.* Where a sheriff levies upon and sells real estate in a case where appraisement has not been waived, and where the subsequent proceedings are such that

the title to the property passes from the execution debtor to the purchaser, the judgment upon which the execution was issued must, if more than two-thirds of the appraised value of the land, be considered as satisfied up to the extent of two-thirds of the appraised value of the land; and if the judgment is less than two-thirds of the appraised value of the land, then the judgment must be considered as wholly satisfied.

7. Suit Against Sheriff — *Damages — Recoupment — Practice.* Where real estate subject to a mortgage is sold at sheriff's sale in a case where appraisement has not been waived, and is sold for less than two-thirds of its appraised value, but is sold subject to the mortgage, and the sheriff is afterward sued by the execution debtor for making such irregular sale, the sheriff may set off or recoup in reduction of the plaintiff's damages and up to the amount of such damages, an amount equal to the amount of the judgment upon which the execution was issued, and the amount actually paid by himself or purchaser to satisfy or reduce the mortgage; and this for the reason that the plaintiff in the action may not recover more than he has actually been injured. The execution debtor in such a case has two remedies: (1) to treat the same as void; (2) to sue the sheriff for the damages, and if he elects to pursue the latter remedy, he can recover only his actual damages.

8. ———— *Burden of Proof.* In such a case the burden of proving that the property is subject to a mortgage, and the amount thereof, and the amount paid thereon, rests upon the sheriff.

9. Judgment — *Sheriff to Pay Remainder. When.* Where two-thirds of the appraised value of the land in such a case is equal to or more than the amount of the judgment, but the land is sold for less than two-thirds of the appraised value and less than the judgment, and the final proceedings are such that the title to the land passes from the execution debtor to the purchaser, the execution creditor must look to the sheriff for the satisfaction of the remainder of his judgment.

*Error from Greenwood District Court.*

This was an action brought in the district court of Greenwood county, by *James DeJarnette* against *M. J. Verner,* as principal, and *O. E. Ladd, W. F. Osborn, W. W. Morris,* and *T. Holverson,* as sureties on a sheriff's bond. The plaintiff prayed for a judgment for $1,000 as damages for injury alleged to have been sustained by him by reason of the defendant, Verner, as sheriff, having sold certain real estate belonging to the plaintiff for less than two-thirds of its appraised value.

At the May term, 1886, the case was tried before the court without a jury, and upon such trial the following facts were agreed upon by the parties as a portion of the facts of the case:

"1. At the time mentioned in plaintiff's petition, he was the owner of the real estate described in his petition, and said real estate was of the value of thirteen hundred and fifty dollars.

"2. At the times mentioned in said petition, the defendant, M. J. Verner, was the duly-elected and acting sheriff of Greenwood county, Kansas, and the other defendants were and now are sureties on his official bond, a true copy of which bond is attached to plaintiff's petition and made a part thereof.

"3. The judgment mentioned in said petition was duly obtained against plaintiff, execution was duly issued thereon, a true copy of which execution is attached to and made a part of said petition, and under and by virtue of said execution the said M. J. Verner did sell the real estate described in plaintiff's petition for the sum and in the manner as shown by the amended return, a true copy of which amended return is attached to and made a part of plaintiff's petition.

"4. The said real estate was appraised at the sum of thirteen hundred and fifty dollars, a true copy of which appraisement is attached to and made a part of plaintiff's petition.

"5. On the 4th day of December, 1883, the defendant, M. J. Verner, made his return of his proceedings on said execution, a true copy of which original return is set out in plaintiff's reply.

"6. On the 10th day of December, 1883, the said James DeJarnette filed his motion in said court praying that said sale be set aside and not confirmed.

"7. Pending said motion said M. J. Verner asked and obtained leave to amend his return so as to make it conform to the facts, stating what the facts were. Thereupon the court, assuming said amendment to be already made, overruled said motion to set aside said sale, and confirmed the same, which order overruling said motion and confirming said sale was made on the 17th day of December, 1883, at the regular December term of said court.

"8. Afterward, and after the adjournment of said term of said court, the said sheriff, in pursuance of leave of the court, by one D. B. Fuller, his duly authorized attorney and agent for that purpose, amended his said return, a true copy of which

amended return is attached to and made a part of plaintiff's petition herein.

"9. Application for leave to amend was made in open court verbally, and leave was granted in open court verbally, and neither said application nor said order was reduced to writing until the 15th day of December, 1884, nor did the records of said court show that such application had been made or said leave had been granted until said 15th of December, 1884."

Evidence was then introduced by the parties, and upon such evidence and the foregoing agreed facts the court made the following special findings of fact:

"1. Defendant M. J. Verner was on the 8th day of November, 1881, duly elected sheriff of Greenwood county, Kansas, and afterward he and the other defendants made and executed the bond attached to the plaintiff's petition, and entered upon his duties as such sheriff. Said bond was duly approved by the chairman of the board of county commissioners of said county on the 4th day of January, 1882.

"2. On August 21, 1883, J. J. Settle obtained a money judgment on an account for work and labor, in the district court of said county against the plaintiff herein, James DeJarnette, for the sum of $412, and costs taxed at the sum of $102.40; total judgment amounting to $514.40.

"3. On October 4, 1883, an execution was issued on said judgment and delivered to the said M. J. Verner, he then being the duly elected, qualified and acting sheriff of said county.

"4. Said execution was returned and filed in the clerk's office on the 4th day of December, 1883. The return thereon was in the words and figures as shown by 'Exhibit A,' hereto attached and made a part hereof.

"5. On December 10, 1883, James De Jarnette, the plaintiff herein, filed his motion to set aside the same made by said sheriff by virtue of said execution, which motion was in the words and figures as shown by 'Exhibit B,' hereto attached and made a part hereof.

"6. Pending said motion said sheriff obtained leave of court to amend said return so as to make it conform to the facts, stating what the facts were. The court, assuming said amendment as already made, overruled said motion to set aside said sale and confirmed the same, and ordered the sheriff to convey said premises to the purchaser thereof at said sale. The prem-

ises sold by said sheriff at said sale were owned by said James DeJarnette.

"7. Said application to amend the return was made verbally in open court, and said amendment was made after the adjournment of said term, and a deed made as ordered.    Said return as amended was in the words and figures as shown by ' Exhibit C,' hereto attached and made a part hereof.

"8. Afterward, at the December term of said court, 1884, the court made a *nunc pro tunc* order authorizing said amendment, which order was duly entered of record; to which order the said James DeJarnette duly objected and excepted.    The lands sold by said sheriff were appraised at the sum of $1,350 as shown by the appraisement made by said sheriff, a copy of which is hereto attached, marked 'D,' and made a part hereof, and said land was then of the value of $1,350.

"9. The sheriff sold said land for $101, subject to a mortgage thereon which was by him understood to be for the sum of $800.    Said land was bought by J. J. Settle, the judgment creditor in the suit in which the execution was issued.    $101 was all the sheriff received, all of which was applied upon said judgment and costs.

"10. The order of the court overruling the motion to set aside said sale, and the order confirming the same, remain unreversed and unappealed from, no steps to reverse said orders ever having been taken.    The advertisement of said sale made by said sheriff was in the words and figures as shown by 'Exhibit D,' hereto attached and made a part hereof."

The motion to set aside the sheriff's sale above referred to reads as follows:

"Now comes the defendant, James DeJarnette, by McKenney and Shinn, his attorneys, and moves the court to set aside the sale of the northwest quarter of section five, township twenty-eight, range eleven east, in Greenwood county, Kansas, had in the above-entitled cause, for the following reasons, to wit:

"1. The return on the execution does not show that said execution was ever levied on the above-described land.

"2. There is no indorsement of 'no goods' on said execution, nor any evidence in the return that the defendant had not sufficient goods and chattels to satisfy the execution.

"3. The return does not show that said land was sold for two-thirds of the appraised value thereof.

"4.  Said land was not sold for two-thirds of the appraised value thereof.

"5.  The return on.said execution is so uncertain and indefinite that it cannot be understood.

"6.  The land described in said return was before and at the time of the rendition of the judgment in the above-entitled cause, and ever since has been, the homestead of the said defendant, who was at that time and is now the head of a family —used and occupied by him and his family as a residence. The defendant will offer as evidence in support of his motion the return of the appraisers, the return of the sheriff on the execution, affidavits, and parol testimony."

The original return of the sheriff above referred to shows that the sheriff sold the property to J. J. Settle "for the sum of $901, subject to a mortgage of $800, which is deducted out of amount of sale."  The amended return of the sheriff above referred to is precisely the same as the original return, except that "$901" is changed to "$101," and the following words are stricken out, to wit: "which is deducted out of amount of sale."  The court below, after making the foregoing findings of fact, found as a conclusion of law that the defendants ought to have judgment for costs, and rendered judgment accordingly; and to reverse this judgment the plaintiff, as plaintiff in error, brings the case to this court.

*C. W. Shinn*, and *R. P. Kelley*, for plaintiff in error.

*D. B. Fuller*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.:  Without discussing at length or in detail the various points presented in this case, we think they must be decided as follows:

I.  Where a sheriff holds an execution against property, and for want of sufficient personal property attempts to make the money to satisfy the judgment out of real estate, he must levy upon the land itself and not upon a mere interest therein, and he must have the land itself appraised, and sell the same without reference to any lien or incumbrance which may be upon

the land. It is not for him to inquire whether the land is subject to a mortgage or not.

II. And when he sells the land in such a case, he must, except where appraisement has been waived, sell the same for not less than two-thirds of its appraised value. (Civil Code, § 455.) And if he sells the same for less, the sale is void. (*Capital Bank v. Huntoon,* 35 Kas. 578, 591, 592.)

III. But where a sheriff's sale is void for such a reason and only for such a reason, and only to the injury of the judgment debtor, the judgment debtor may if he chooses waive the invalidity of the sale, treat the sale as valid, and make it valid by suing the sheriff for any damages which he may have sustained by reason of such irregular sale; and the sheriff in such a case will not be allowed to plead his own wrong or set forth his own void sale to defeat the action.

IV. Where two-thirds of the appraised value of real estate sold at sheriff's sale was $901, and there was a supposed mortgage on the property of $800, and the sheriff sold the property for the sum of only $101, but subject to such mortgage, he sold the property for less than two-thirds of its appraised value.

V. Where a sheriff's sale of real estate has been made, and the owner thereof moves to set aside the sale for the reason that the property was not sold for two-thirds of its appraised value and for other reasons, and the motion is overruled by the court and the sale confirmed, he does not thereby waive his right to afterward treat the sale as void, or to sue the sheriff for any injury which he may have sustained by reason of such sale. By being a party to a motion to set aside or confirm a sheriff's sale, which motion is decided against such party, he does not thereby, and for the future, waive or cure anything of substance, but only irregularities. (*Capital Bank v. Huntoon,* 35 Kas. 577, 587, *et seq.*)

VI. Where a sheriff levies upon and sells real estate in a case where appraisement has not been waived, and where the subsequent proceedings are such that the title to the property

passes from the execution debtor to the purchaser, the judgment upon which the execution was issued must, if more than two-thirds of the appraised value of the land, be considered as satisfied up to the extent of two-thirds of the appraised value of the land; and if the judgment is less than two-thirds of the appraised value of the land, then the judgment must be considered as wholly satisfied.

VII. Where real estate subject to a mortgage is sold at sheriff's sale in a case where appraisement has not been waived, and is sold for less than two-thirds of its appraised value, but is sold subject to the mortgage, and the sheriff is afterward sued by the execution debtor for making such irregular sale, the sheriff may set off or recoup in reduction of the plaintiff's damages and up to the amount of such damages, an amount equal to the amount of the judgment upon which the execution was issued, and the amount actually paid by himself or purchaser to satisfy or reduce the mortgage; and this for the reason that the plaintiff in the action may not recover more than he has actually been injured. The execution debtor in such a case has two remedies: (1) to treat the sale as void; (2) to sue the sheriff for his damages, and if he elects to pursue the latter remedy, he can recover only his actual damages.

VIII. In such a case the burden of proving that the property is subject to a mortgage, and the amount thereof, and the amount paid thereon, rests upon the sheriff.

IX. Where two-thirds of the appraised value of the land in such a case is equal to or more than the amount of the judgment, but the land is sold for less than two-thirds of the appraised value and less than the judgment, and the final proceedings are such that the title to the land passes from the execution debtor to the purchaser; the execution creditor must look to the sheriff for the satisfaction of the remainder of his judgment.

In this case it has not been shown that any mortgage actually existed upon the land, or that either the sheriff or the purchaser has ever paid anything on such mortgage.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.