## THE EXCELSIOR MANUFACTURING COMPANY V. E. C. BOYLE *et al.*

1. EXECUTION—*Levy, Not Invalidated—Priority of Lien.* In a proceeding to determine and adjust the priorities of certain liens existing against the real property of a debtor, it was found that an execution had been taken out on the judgment first rendered, within one year after its rendition, and levied upon land subject to a mortgage; but it was erroneously appraised by excluding the amount of the mortgage debt, and the execution creditor directed the sheriff not to advertise and sell under the illegal appraisement. The levy was made upon the whole estate, and not upon a mere equitable interest. Within the succeeding year other judgments were obtained, and the proceeding to subject the mortgaged land of the debtor to the payment of the liens, and to determine the respective priorities of the same, was begun and tried. *Held,* That the existence of a mortgage upon the land, or the illegal appraisement of the same, or the direction of the execution creditor to the sheriff not to advertise and sell under such appraisement, did not invalidate the levy, but the levy as made preserved the preference and priority of the lien of the judgment first rendered.

2. ———— *Return of Execution.* During the trial it was ascertained that the sheriff had neglected to sign his return made upon the execution, and the court allowed him to amend by signing his name thereto. *Held,* Not error.

3. PLEADINGS—*No Error in Amending.* In the answer of the judgment creditor who obtained the judgment first rendered, the fact that a levy had been made was not stated, and during the trial the court permitted him to amend, and plead and prove the levy that was made. *Held,* That the court did not abuse its discretion in allowing the amendment, and the fact that the amendment was not formally written out after it was allowed is not sufficient ground for a reversal.

*Error from Butler District Court.*

THE case is stated in the opinion.

*F. L. Jones,* for plaintiff in error.

*Clogston, Hamilton, Fuller & Cubbison,* for defendants in error Deere, Mansur & Co.

The opinion of the court was delivered by

JOHNSTON, J. : This is a proceeding to review an order of the district court distributing among the creditors of E. C. Boyle & Co. the proceeds arising from a judicial sale of the debtors' property.   In 1885, E. C. Boyle & Co. were engaged in the hardware trade at Augusta, Kas., and were largely indebted to numerous creditors, among which were Deere, Mansur & Co. and the Excelsior Manufacturing Co.   On November 16, 1885, Deere, Mansur & Co. obtained several judgments against E. C. Boyle, which in the aggregate amounted to over $1,200.   Abstracts of the judgments were filed in the office of the clerk of the district court, and on November 3, 1886, and before any judgments were rendered in favor of the other creditors of E. C. Boyle, Deere, Mansur & Co. caused executions to be issued upon their several judgments, and in their behalf it is claimed that these executions were levied upon the real estate of E. C. Boyle & Co. on November 6, 1886.   On December 20, 1886, two others of the creditors of Boyle recovered judgments against him, and during the January term, 1887, of the district court, the Excelsior Manufacturing Co. and the remaining creditors recovered judgments against Boyle in the district court.   Boyle was then the owner of real estate in the town of Augusta, upon which the executions of Deere, Mansur & Co. were claimed to have been levied, and against which there was a mortgage in favor of the Farmers' State Bank.   On April 8, 1887, the Farmers' State Bank brought an action in the district court to subject certain real estate of E. C. Boyle to the satisfaction of its judgment, and to adjust and establish the priority of liens of the mortgagees and judgment creditors, and all the creditors claiming an interest in the real estate were made parties defendant.   On July 15, 1887, a trial of this action was had, and the court found the dates of the rendering of the several judgments against E. C. Boyle, and also found that the mortgage lien of the Farmers' State Bank

was a first and paramount lien on the real estate in question, and decreed a foreclosure and sale of the property, and that the proceeds of sale should be applied, first, to the payment of costs; second, to the satisfaction of the mortgage; and that the balance should be brought into court to await its further orders. The court did not at that time undertake to establish the priorities of the liens of the judgment creditors. In pursuance to the decree, the property was sold for $1,600. From this sum the mortgage lien of the Farmers' State Bank was paid, with costs, which left a balance in the hands of the sheriff of $651.20.

On December 21, 1887, application was made to the court for a distribution of the surplus proceeds among the judgment creditors, according to their respective priorities. Upon the hearing of this application, it was conceded by all that Deere, Mansur & Co. obtained a first judgment against E. C. Boyle, which was dated November 16, 1885, and that an execution was issued thereon November 3, 1886. They then offered in evidence their several executions issued on the date last named, and upon which they claimed that a levy had been made upon the real estate of Boyle. An objection was made to the reception of a certain execution and the return of the sheriff, because it appeared that the return had not been signed by any one. Deere, Mansur & Co. then asked leave of the court to permit the sheriff to amend his return on the execution by signing the same, which the court allowed. A further objection was made because the answer filed by Deere, Mansur & Co. in the action did not show that a levy had been made, and also that the real estate was not subject to levy and sale upon execution, for the reason that the statutes provided another and different remedy. The court permitted the answer to be amended, but the amendment was never actually made. After hearing all the testimony, the court made an order of distribution, providing, first, for paying the costs of the action; second, for the satisfaction of the judgment of Deere, Mansur & Co., upon which execution was issued and

levied upon the property sold; and third, that the remainder should be applied to the satisfaction of the judgment of the Excelsior Manufacturing Company.

Did the court err in allowing the sheriff to amend his return and in permitting Deere, Mansur & Co. to amend their answer? The courts are vested with a large discretion in allowing amendments to process and pleadings, and unless there has been a clear abuse of discretion, the ruling of the court will not be disturbed. The failure of the sheriff to sign his return to the execution is an amendable defect. The levy had been actually made, and it was proper to permit an amendment in conformity with the facts. There was no attempt to supplement or affect the levy, but the amendment related only to the evidence of the levy that was actually made; "and generally amendments are permissible when they simply run to perfecting the proof of a service which was in fact made." (*Wilkins v. Tourtellott*, 28 Kas. 834; *Kirkwood v. Reedy*, 10 id. 453.) Neither do we think that the court abused its discretion in permitting the answer to be amended. The trial had not yet been completed, nor had the priorities of the several judgment creditors been determined. It was an equitable action, for the purpose of establishing priorities of the several liens existing against the Boyle property, and this question depended upon the time of the rendition of the judgments as well as upon whether they had been duly kept alive by the issuance and levy of executions. The Deere, Mansur & Co. judgment had been rendered long prior to any of the others, and it is admitted that an execution had been levied before the expiration of one year next after the rendition of their judgment. In their answer, they had omitted to allege the levy, and the amendment showing this circumstance did not change the defense, nor can it be said that it was not in furtherance of justice. If additional time had been necessary in order that the plaintiff might contest the truth of the allegation, it might have been obtained upon application to the court; but no de-

*2. Return of execution; amendable defect.*

*3. No error in amending answer.*

lay was asked, and we think no injustice was done in permitting the defendants to plead and prove the fact showing that their lien was prior and paramount to that of the plaintiff.

Some objection is made because the amendment to the answer was not written, or actually made. Permission to amend was granted by the court, proof was offered, and the parties proceeded with the trial as if the answer had actually been amended. Under these circumstances, we will treat the answer as having been amended to conform to the facts shown. "A defect in the pleadings or proceedings which ought to have been corrected below by amendment will be disregarded here or considered as amended." (*Wilkins v. Tourtelott*, 29 Kas. 514; *Organ Company v. Lasley*, 40 id. 521.)

The final contention is that the execution was levied upon a mere equity of E. C. Boyle, which could not be sold by means of an ordinary execution. It is said that they should have employed the proceedings as directed by § 481 of the civil code; that the levy was made prior to 1887, when § 448 of the civil code was amended so that the mere interest of the mortgagor might be separately appraised and sold; and hence the officer could not sell the mere equitable interest, and the levy as made was ineffectual. The record, however, does not sustain the contention of the plaintiff below as to the facts. The return of the officer is, that the levy was made upon the land itself—upon the whole estate, and not upon a mere equity. It recites that the sheriff "did forthwith levy said writ upon the following-described real estate of said debtor, situated in Butler county, in state of Kansas, to wit: Lots 9 and 11, in block 16, in the original town of Augusta, Butler county, Kansas." Prior to the amendment of § 448 of the code, made in 1887, the sheriff could not take into account the fact that the land upon which he levied an execution was subject to a mortgage or other lien, as there was then no authority to have it appraised and sold subject to such liens. The fact that the land was mortgaged, however, did not prevent a levy upon the whole estate; and if it was appraised

and sold without reference to the incumbrances, the purchaser would acquire the title, subject, of course, to any lien or incumbrance that might exist against it. (*De Jarnette v. Verner*, 40 Kas. 224.) Under the levy that was made in this case, the property was erroneously appraised subject to the mortgage that has been mentioned; and hence no valid sale could be made under the appraisement. But the error of the appraisers did not invalidate the levy, nor did the fact that the attorneys of the execution creditor directed the sheriff not to advertise and sell the land under the illegal appraisement destroy the levy or postpone the lien of the judgment to that of the plaintiff in error. The execution, as we have seen, was taken out before the expiration of one year next after the rendition of the judgment, and levy was made upon the land itself, and not upon a mere equity, and thus the preference and priority of the lien was preserved. (*Smith v. Kimball*, 36 Kas. 490.)

1. Execution; levy, not invalidated.

We find no error in the rulings of the district court, and therefore its judgment will be affirmed.

All the Justices concurring.