HANCOCK v. YOUREE *et al.*

No. 339. Opinion Filed January 11, 1910.

(106 Pac. 841.)

1.   MORTGAGES—Foreclosure — Sale—Necesity of Appraisement. Where, on the foreclosure of a mortgage, the real estate covered thereby is ordered sold, and an order of sale is issued by the clerk, and the sale made within six months from the date of judgment without appraisement, the same is void, and error is not committed by the district court in setting aside the confirmation thereof, and recalling and canceling the sheriff's deed issued thereunder.

2.   APPEAL AND ERROR — Rulings on Motion — Affirmance— Grounds Not Relied on. The ruling of a district court made upon a motion will not be set aside, where sufficient grounds appear in the record to sustain it, although not relied on by the party seeking relief.

(Syllabus by the Court.)

*Error from District Court, Pittsburg County; Preslie B. Cole, Judge.*

Action by James A. Youree, Receiver of the Bank of Kiowa, and another against the Merchants' & Planters' Gin & Milling Company. Judgment for plaintiffs, and on sale by the sheriff, H. G. Hancock purchased the property. From an order setting aside the sale, the purchaser brings error. Affirmed, with instructions.

*J. E. Whitehead,* for plaintiff in error.

. *Robert Tarter,* for defendants in error.—Citing: *Reynolds v. Quaeley,* 18 Kan. 361; *Moore v. Culler,* 19 Kan. 187; *Pierce v. Butters,* 21 Kan. 102; *Basher v. Nordyke,* 25 Kan. 222.

DUNN, J. This case presents error from the district court of Pittsburg county. December 5, 1907,· James A. Youree, as receiver of the Bank of Kiowa, and George E. Jackson, trustee in a mortgage for the Bank of Kiowa, recovered judgment in the district court of Pittsburg county against the Merchants' & Planters' Gin & Milling Company, together with a decree foreclosing a mortgage given to secure the indebtedness sued on. March 11, 1908, the clerk of the district court issued an order of sale directing the sheriff to sell the property mentioned in the judgment. In accordance therewith the sheriff duly advertised the same for sale, fixing the date thereof April 17, 1908, at which time he attended and at public auction sold the same to H. G. Hancock, plaintiff in error in this action, for $1,200. On the same day the sheriff reported his proceeding to the district court for confirmation, and on the 25th, day of April, 1908, the court, after examining the return of the officer, and by consent of both plaintiff and defendant, approved the sale, and entered a decree finding that the sale was fairly held and conducted, and that the proceedings were had in accordance with the terms of the order of the sale. Whereupon the same was approved and confirmed, and the sheriff was ordered to execute to the purchaser a deed for the premises sold. Whereupon, on the same day, April 25, 1908, the sheriff of the county executed and delivered to H. G. Hancock his deed conveying the said property reserving on the same a vendor's lien. On the same day, James A. Youree, receiver of the Bank of Kiowa, appeared and filed his motion and affidavit reciting judgment, order of sale, and the sale of the property involved, and setting up that he was informed that certain other parties, naming them, had intended being present at the sale to bid on the property to be sold, and that they claimed they were precluded from being present at the same and bidding on the same by reason of the service of a certain notice that a

suit would be filed by the defendant to set aside the judgment upon which the sale was based, and that by reason of being so notified they were under the impression that such sale would not be held, and therefore they were not present; that said parties represent that they would have bid more for said property than was offered therefor at the sale.

George E. Jackson made an affidavit that on the 16th day of April, 1908, a notice signed by counsel for plaintiff in error was served upon him, as one of the plaintiffs, that suit would be filed to set aside the judgment rendered in the cause, and an injunction secured to restrain him and the receiver of the Bank of Kiowa and the sheriff of Pittsburg county from selling the property foreclosed on in said suit; that F. E. Pitt was in McAlester at the time for the purpose of bidding on said property, and was by reason of said notice informed that the sale would not be held; that it was the intention of affiant and the other parties to bid $1,500 for said property, and that they were prevented from bidding by reason of this notice. A copy of the notice purported to have been served upon plaintiffs is to the effect that the defendant had filed a petition in the case, asking that the court set aside the judgment theretofore rendered, as the same was rendered without jurisdiction. Three other parties filed corroborating affidavits to the foregoing. The purchaser filed his own, with corroborating affidavits averring that the parties were not prevented from bidding on account of the notice referred to, and the sale was had in accordance with the law, and that a fair and reasonable price was paid for the property. This affidavit was likewise corroborated by other witnesses. The court at the same term, on the consideration of these affidavits, found that the movants were without fault or negligence on their part, but through misrepresentation and deception were precluded and prevented from bidding on the property by reason of the notice which prevented the property from bringing an adequate price. Whereupon the court set aside the sale, recalled the deed executed by the sheriff, and directed a resale of the property. In addition to the reasons assigned and relied on in

the motion, and found by the court as a basis for setting aside
the order of sale, the record discloses that the sale was had within
six months from the date of judgment, and without appraisement
of the property sold.

It is insisted by counsel for plaintiff in error that the affi-
davits and showing made were not sufficient to set aside the sale
and recall the sheriff's deed. We do not, however, deem it nec-
essary to pass on this question, for the record discloses, and there
is argued in the briefs of counsel, another reason for which the
action of the court should be sustained, although not relied on
in the motion, to wit, the sale within six months from date of
the judgment and no appraisement. Section 5977, Comp. Laws
Okla. 1909, provides in substance that upon execution being
levied upon lands and tenements, the officer levying the same
shall call an inquest of three disinterested householders to ap-
praise the property so levied on, upon actual view, etc., and sec-
tion 5980 provides that the property shall not be sold for less
than two thirds of the value returned on this inquest. Section
5978 provides in substance that, where the appraisement is waived,
no order of sale shall be issued until the expiration of the six
months from the date of the judgment. The record discloses
that the property was sold without appraisement, and that the
order of sale and sale thereunder took place before the expira-
tion of six months from the date of judgment. Hence the sale
had thereunder was void, and the court committed no error in
setting the same aside and recalling the deed issued thereunder.
Kieber's Void Judicial and Execution Sales, § 332; Freeman on
Void Judicial Sales, § 27; *Reynolds et al. v. Quaely,* 18 Kan.
361; *Capital Bank of Topeka et al. v. Huntoon,* 35 Kan. 577, 11
Pac. 369; *De Jarnette v. Verner et al.,* 40 Kan. 224, 19 Pac.
666; *Graves & Wells v. Long,* 87 Ky. 441, 9 S. W. 297; *Maple
v. Nelson,* 31 Iowa, 322; *Brown v. Butters et al.,* 40 Iowa, 544;
*Doe v. Craft,* 2 Ind. 359; *Evans v. Ashby et al.,* 22 Ind. 15;
*Tyler v. Wilkerson et al.,* 27 Ind. 450; *Smith v. Cockrill,* 6 Wall.
756, 18 L. Ed. 973.

Nor will the evidence that the sale was for a fair value of

the property supply this want of appraisement, when the same is sold prior to the expiration of the six months. Discussing this point, the Court of Appeals of Kentucky, in the case of *Graves & Wells v. Long, supra,* said:

"There was no appraisement before the sale. It was not essential to the validity of the judgment that it should in express terms direct it, because the law required the officer to have it done. * * * Evidence that it in fact sold for a fair value, or more than the two-thirds of any appraised value which could fairly have been placed upon it, cannot avail. If so, it could equally be urged that a judicial sale, made without advertisement, or otherwise in violation of law, should be upheld, because the property in fact brought a fair price. The law is imperative that the valuation *shall* be made *before* the sale. It is not merely directory; it goes to the right of the debtor, and reaches to the interest of the creditors. It is the statutory test of the right of the one to redeem, and of the other to still look to the property for the payment of their debts. No coercive sale for debt can be lawfully made in the absence of this valuation. The statute forbids it, and it was not intended that its place should be supplied by testimony given after the sale, and heard upon the question of its confirmation."

Objection to the consideration of the want of appraisement, the same not having been raised in the motion, cannot avail counsel. A question of this character was before the Supreme Court of North Carolina in the case of *Skinner v. Terry.* 107 N. C. 103, 12 S. E. 118. In that case the movant sought to have the judgment set aside for specific reasons set forth in his motion. The court denied the same upon the grounds specifically assigned, but allowed it upon other grounds which appeared on the face of the record, but not set out in the motion, and of this action, in the consideration of the case, said:

"There was no substantial reason why such relief should not be granted. It would be circuitous, dilatory, and serve no useful or just purpose to deny the motion upon the particular grounds assigned by the mover, and leave him to make another motion for the same purpose, simply assigning in its support a ground not specified, but which plainly appeared in the record at the hearing of the first motion. The law does not encourage unnecessary cir-

cuity of method, but, on the contrary, the court will settle and administer the right in the action promptly without regard to mere forms. *Moore v. Nowell,* 94 N. C. 265; *Patrich v. Railroad,* 93 N. C. 422; *Harris v. Sneeden,* 104 N. C. 369 [10 S. E. 477]."

The order of the trial court is accordingly sustained, and the cause is remanded to the district court of Pittsburg county, with instruction to take such further proceedings not inconsistent with this opinion as the present status of the case demands.

Kane, C. J., and Hayes and Turner, JJ., concur; Williams, J., concurs in the conclusion.