**FEATHERSTONE v. SOUTHWESTERN LBR. CO. et al.**

No. 16135—Opinion Filed Jan. 19, 1926.

1. **Judgment—Jurisdiction to Modify After Term.**

After a final decree or judgment has been rendered, and the term expires, there must be a substantial compliance with the terms of the statute in order to give the court further jurisdiction over the same.

2. **Same—Vacation of Judgment—Necessity for Genuine Defense.**

A judgment will not be opened or vacated, if the defense set up by the defendant, and which he proposes to plead, is not meritorious, but is purely technical in its character. The defense must be such that the judgment, in disregard of it, is unjust and inequitable.

3. **Same—Statutory Procedure Mandatory for Vacation After Term.**

After the final adjournment of the term of court at which the final judgment is rendered, to give the court further jurisdiction to vacate such judgment, a substantial compliance with sections 812 and 814. Comp. Stat. 1921, must be shown.

(Syllabus by Pinkham, C.)

Commissioners Opinion, Division No. 5.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by Charles H. Featherstone against Southwestern Lumber Company et al. From judgment for defendants, plaintiff brings error. Affirmed.

T. J. Lillard, for plaintiff in error.

P. E. Reed, for defendants in error.

Opinion by PINKHAM, C. This was an action instituted in the district court of Wagoner county by the plaintiff in error, Charles H. Featherstone, against the defendants in error, Southwestern Lumber Company et al. In this action the plaintiff in error sought to vacate and have set aside an order confirming the sale of certain real estate in the city of Wagoner, said order of sale being made by the district court of Wagoner county in accordance with a judgment rendered by said court on the 17th day of October, 1923, in civil cause No. 5149, wherein the Southwestern Lumber Company was plaintiff and Charles H. Featherstone was defendant, the same being an action to foreclose a vendor's lien on said property.

The plaintiff in error alleged in his petition in the instant case, among other things:

"That on the 17th day of October, 1923, the defendant, the Southwestern Lumber Company, obtained a judgment in the district court of Wagoner county against this said plaintiff as defendant in the sum of $464.-52, as principal, and a further sum of $46.45 as attorney fees and the costs, together with judgment for foreclosure of a purported vendor's lien upon lot 4 in block 523, city of Wagoner, Okla., and appurtenances thereunto belonging or appertaining, all of which more fully appears by reference to the journal entry of judgment in said cause; that thereafter and on the 21st day of April, 1924, * * * execution and order of sale was made and issued in said cause for the purpose of satisfying said judgment, interest, costs and attorney fees; that thereafter said execution and order of sale was executed by the sheriff of Wagoner county, * * * and an attempted or purported sale was made of the same to one Bertha M. Smith, for the sum of $250, all as more fully appears by reference to the sheriff's return made and filed in said cause."

Plaintiff's petition further alleged, in substance and effect, that thereafter an order was made by the court confirming said sheriff's sale, and directing him to execute a sheriff's deed to the said Smith, the pur-

chaser at the sheriff's sale, "all of which," it is alleged, "more fully and completely appears by reference to the order of confirmation made, entered and filed in said cause." The petition further alleges that the said order of confirmation was and is void and the sheriff's sale is void for the following reasons:

"First, because no appraisement was made of the property sought to be sold as required by law to be made; second, because the appraisement had not been waived in the instrument upon which was predicated said plaintiff's alleged vendor's lien; and third, because of the reasons just above given, this court was without jurisdiction to make its valid order of confirmation of said pretended sheriff's sale."

The petition further alleges that the judgment in said prior cause is erroneous and excessive for the reason that there was due to said plaintiff from the defendant a sum equal to or about $295, and accrued interest, instead of the amount sued for by plaintiff; that by reason thereof the judgment for $464.52, as entered, ought to be set aside, to the end that defendant may present proof of this fact. The defendants in error filed a general demurrer to the said petition, which was, by the court, sustained. The plaintiff in error, having elected to stand upon his petition, saved his exceptions, and has appealed to this court and assigns as error the action of the court in sustaining a general demurrer to the petition filed in the trial court. It is earnestly insisted by counsel for plaintiff in error that the petition to vacate the judgment rendered on the 17th day of October, 1923, contains all the averments of facts necessary to state a good cause of action to entitle the plaintiff in the court below to the relief prayed for, and that the same was good as against the defendants' general demurrer. We cannot agree with this contention.

Section 812, C. S. 1921, is as follows:

"The proceedings to vacate or modify the judgment or order, on the grounds mentioned in subdivisions 4, 5, 6, 7, 8 and 9, of the second preceding section, shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant. On such petition, a summons shall issue and be served as in the commencement of an action."

Section 814, C. S. 1921, provides in part:

"A judgment shall not be vacated on motion or petition, until it is adjudged that there is a valid defense to the action on which the judgment is rendered. * * *"

It is provided in section 817, C. S. 1921, that:

"* * * A void judgment may be vacated at any time, on motion of a party, or any person affected thereby."

Whether the instrument relied on by the Southwestern Lumber Company, as plaintiff, in the cause in which it obtained a judgment against the plaintiff in error, was such as required an appraisement before sale, cannot be determined for the reason that no copy of such instrument is contained in the petition to vacate filed in the district court, either as an exhibit attached thereto or by way of sufficient recital. The record before us failed to disclose the nature and character of that instrument or of the judgment rendered in the original action.

Counsel for defendants in error sets out in his brief what purports to be the judgment and finding of the trial court in the former action, from which it appears that the court found that a series of promissory notes was given by the defendant in the former case, Charles H. Featherstone, to the plaintiff, Southwestern Lumber Company, for the purchase price of the property in question, and that at the time of making and executing said notes in favor of plaintiff, the defendant entered into a contract of sale with said plaintiff for the purchase of said property and went into possession of same. The trial court found that from the terms er said contract of sale, the same constitutes an equitable mortgage in favor of the plaintiff as against the defendant, and that by the terms of the same no appraisement is necessary.

The allegations of the plaintiffs in error's petition to vacate with reference to the judgment sought to be vacated, as well as those relating to the grounds of defense relied on, are clearly insufficient. They are in the last analysis the mere conclusions of the pleader. They do not set out with the necessary fullness and correctness the particulars of the original action, nor fully and satisfactorily disclose the nature of the defense relied on.

"A judgment apparently regular will not, as a rule, be opened to let in a defense, unless it be made to appear that the judgment is unjust, that the applicant has a meritorious defense, and that a failure to open will operate unjustly to the applicant's rights. Such a judgment will not, therefore be opened merely to allow the applicant to interpose a technical defense, such as usury, set-off or counterclaim," etc. Enc. Pl. & Prac., vol. 15, page 243.

In 34 C. J. 337, it is said:

"The following named particular defenses have been deemed technical or unconscionable within the rule, and not sufficiently meritorious to support an applica-

tion to vacate the judgment, although in some instances, as indicated, there is authority to the contrary, namely: usury, coverture of defendant;plaintiff's want of capacity to sue; ultra vires; nul tiel record; the statute of frauds; a set-off or counterclaim: a failure to allow proper credits * * *"

In McAdams v. Latham, 21 Okla. 511-520, 96 Pac. 584, it is said in the opinion delivered by Williams, C. J.:

"The trial courts, after judgments or decrees or orders have once become final, and the term at which the same was rendered or entered has expired, should be very slow to vacate such judgments, decrees, or orders, especially when the party seeking such action has failed to avail himself of the right to have such action reviewed by the appellate court. Such judgments, decrees, or orders should never be vacated, except where the party seeking such vacation has complied substantially with the provisions of the law provided for the same."

The case of Given v. Owen, 73 Okla. 146, 175 Pac. 345, is cited in the brief of plaintiff in error. It appears in that case that land of the defendant therein was taken in attachment proceedings, being appraised under the writ of attachment. Judgment was afterwards rendered against the defendant, and the land sold under order of sale without appraisement, the sale being confirmed by the court. At the same term of the court, the defendant filed motion to vacate and set aside the sale, assigning, among other reasons, that no appraisement of the land was had after judgment and the issuance of the order of sale. The trial court overruled the motion, and the defendant appealed. The cause was reversed with directions to the trial court to sustain the motion to set aside the sale. The case, we think, is not applicable here. The plaintiff in error, in the instant case, at a subsequent term of court, proceeded by petition, as required by statute, and in such case it was necessary that he set forth the judgment or order sought to be vacated and a meritorious defense to the original action.

The case of Hancock v. Youree, 25 Okla. 460, 106 Pac. 841, is referred to in the Given v. Owen Case, supra, and cited by counsel for plaintiff in error in his brief. In that case, it appears that on the day the judgment was rendered, a motion and affidavit reciting the judgment, order of sale, and the sale of the property involved was filed to set aside the judgment upon which the sale was based. In the opinion it is said:

"The record discloses that the property

was sold without appraisement, and that the order of sale and sale thereunder took place before the expiration of six months from the date of judgment. Hence, the sale had thereunder was void, and the court committed no error in setting the same aside and recalling the deed issued thereunder."

The opinion further states:

"Nor will the evidence that the sale was for a fair value of the property supply this want of appraisement, when the same is sold prior to the expiration of the six months."

There is no allegation in the plaintiff in error's petition to vacate the prior judgment that the property involved was sold prior to the expiration of the six months period.

We conclude the court did not err in sustaining the demurrer to the plaintiff's petition to vacate the judgment, and that the case should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 216 § 437. (2) 34 C. J. p. 329 § 550; p. 337 § 552; 15 R. C. L. p. 717. See under (1, 3) 15 R. C. L. pp. 691, 693; 3 R. C. L. Supp. p. 485, 486; 4 R. C. L. Supp. 1016; 5 R. C. L. Supp. p. 847.