THEODORE KLINE *et al.* v. ROBERT CAMP *et al.*

MORTGAGE —*Foreclosure — Sale — Validity — Appraised Value of Land.* An order of sale issued out of the district court of Harvey county, directing the sheriff to appraise, advertise and sell certain lands described therein. The lands were appraised, advertised, and offered for sale, but not sold for want of bidders. An *alias* order was then issued to the sheriff, who procured another appraisement of the lands, advertised and sold them for less then two-thirds of the first appraisement. The court treated the second appraisement as a nullity, and, as the amount the lands had sold for was less than two-thirds of the first appraisement thereof, set aside the sale. The court then set aside the first appraisement, and ordered a new one, which was made, and the land advertised, and finally sold for more than two-thirds of the last appraisement, which sale was by the court confirmed. *Held,* That the district court committed no error.

*Error from Harvey District Court.*

THE opinion states the case.

*Bowman & Bucher,* for plaintiffs in error:

Appraisement was not waived in this case. Therefore, the lands had to be sold upon appraisement; and that such sale could not be made for less than two-thirds of the appraised value is too well known to need the citation of authorities.

Freeman on Executions, in § 284, says: "The appraisement laws are intended to prevent the sacrifice of the defendant's property. To promote this object, they usually provide that the sale shall not be for less than two-thirds of the appraised value of the property."

Again, in § 284, the same author says, among other things:

"The defendant is entitled, first, to have his property appraised prior to the sale; and second, to have it remain unsold unless some bid shall be offered equivalent to two-thirds of the value of the property. In the absence of such an appraisement or of such a bid, the courts have usually held that the officer has no power to make a sale, and, therefore, that if he does assume to sell and convey the property, his acts are so without legal authority or support as to be utterly void."

In this case, the record shows that the first order of sale issued October 13, 1888; that under such order of sale the sheriff, according to the commands therein, procured the lands in question to be appraised, as required by law. Upon this order of sale and appraisement, there was no sale made of the property for the want of bidders, as shown by the sheriff's return. The lands under this order of sale were appraised at the sum of $2,740. These lands should have again been advertised and offered for sale under this appraisement, and they could not be legally sold until such second advertisement and offer of sale had been made. Nothing of the kind was done· Therefore, the order of sale which issued thereafter, and dated November 24, 1888, and the appraisement made under it, as well as the sale made upon such order, and in fact everything

done thereunder, was without authority of law, and void. Of course, the sale made under the order dated November 24 was afterward set aside, as shown by the record. Upon what ground it was set aside by the court we are not advised, and in fact it makes no difference what the ground was, since there were no objections made nor exceptions taken to the action of the court in the matter, and no complaint is now being made of it. It seems that after the sale made under the order of November 24, 1888, had been set aside, the court set aside the appraisements theretofore made and ordered a new appraisement of said lands, which appraisement was made March 1, 1889. This was entirely without authority of law, the court having no power to set aside the first appraisement until there had at least been two offers of sale under it and the same had remained unsold for the want of bidders; and, consequently, the sale which was finally made under this last appraisement of March 1, 1889, is null and void, and the court should not have confirmed such sale and should not have ordered the sheriff to make a deed under it. See Civil Code, § 468.

In *Capital Bank v. Huntoon*, 35 Kas. 590, this court said:

"The property had been offered only once for sale under this appraisement, and there is no statute authorizing another appraisement to be made until after the property had been offered for sale a second time under any particular appraisement."

*Ady, Peters & Nicholson*, for defendants in error:

The plaintiffs in error complain that the property ordered to be sold to satisfy plaintiffs' judgment did not sell for enough. We admit that the defendants are entitled to have their property appraised prior to the sale, and to have it remain unsold unless some bid shall be offered equivalent to the two-thirds value thereof, and that the appraisement laws are intended to prevent the sacrifice of the defendant's property. The only real substantial objection that the plaintiffs in error make is, not that the property was not appraised, but

that the property was appraised too often.   It appears that
no one could be found who would pay two-thirds of the
amount at which the land was first appraised.

The question is, whether the court erred in ordering a new
appraisement.   It is admitted that the first order of sale and
appraisement was regular and in due form.   It is also ad-
mitted that the property was duly advertised and offered for
sale the second time; and there is no claim that, by reason of
the property being appraised under the second order of sale,
any one was deterred from bidding at that sale, and there is
no reason why the land would not have as readily sold for
two-thirds of the first appraisement at that sale as if the sec-
ond appraisement had not been made.   The statute says,
"That it shall be the duty of the court, when real estate has
been taken on execution, twice advertised and offered for sale,
and shall remain unsold for want of bidders, to set aside such
appraisement and order a new appraisement to be made."
This real estate had been twice advertised and had been twice
offered for sale, and it was the duty of the court, on motion
of plaintiffs, to set aside such appraisements as had been made
and to order a new appraisement to be made.

The case cited, *Capital Bank v. Huntoon,* 35 Kas. 590, is
not in point.   If the court had confirmed the sale made for
about two-thirds of the second appraisement, then this case
would have been in point.

Opinion by STRANG, C.: October 12, 1888, defendants in
error, who were plaintiffs below, obtained a personal judgment
against these plaintiffs for the sum of $1,401.93, and also for
a foreclosure of a mortgage on the southwest quarter of section
24, and the northwest quarter of section 25, all in township
22 south, of range 2 east, in Harvey county, Kansas.   Upon
said judgment, the court directed an order of sale to issue to
the sheriff, commanding him to appraise, advertise and sell
said lands.   The order of sale was issued, the land duly ap-
praised at $2,740, advertised and offered for sale, but returned
"not sold for want of bidders."   November 24, 1888, another

order of sale was issued to the sheriff, again commanding him to appraise, advertise and sell said land. Under this second order the lands were reappraised at $2,014, and afterward advertised and sold for $1,343, to the judgment creditors. February 27, 1889, the court set aside the sale made on the second order of sale and appraisement, and also set aside the appraisement heretofore made, and directed a new order to issue and a new appraisement to be made. Thereupon, another order of sale was issued, upon which the lands were again appraised, this time at $2,654, advertised, and sold to Camp and Ellett, the creditors in the judgment on which the order of sale issued, for $1,769, which said sum was not paid by the purchasers, and the property was again advertised, and sold to said Camp and Ellett for $1,770, which sale was afterward confirmed by the court.

The contention of the plaintiffs in error is, that the court erred in ordering a second appraisement of the land before it had been twice offered for sale under the first appraisement, and that such error was not cured by any of the subsequent proceedings in the case. The land did not sell when first offered for sale, because no bids were received therefor. The sheriff returned the property "not sold for want of bidders." An *alias* order of sale was then obtained, under which the sheriff, without any order of the court therefor, procured the lands to be reappraised, instead of offering them for sale the second time under the first appraisement. This was a mistake of the sheriff, and the court seems to have treated this second appraisement as a nullity, and regarded the sale made on the *alias* order as having been made under the first appraisement. We do not discover any error in this. The sheriff had no power at that time to order a new appraisement of the lands. No order of the court had been obtained directing a second appraisement, and we think the court was justified in treating such appraisement as void. The first appraisement had not been set aside by the court, and was therefore the only effective appraisement in existence when the lands were the second time offered for sale. The amount for which the lands sold

on this offer was less than two-thirds of the existing appraisement, and was therefore set aside by the court. The court then ordered a new appraisement. We think that was a proper thing to do at that stage of the case, and therefore not error. A new order of sale was then issued, and a new appraisement of the property had, at a valuation of $2,654. The land was then advertised and sold for $1,769. It was afterward discovered that this amount was a few cents less than two-thirds of the last appraisement. The purchasers, therefore, did not pay the purchase-money, and the land was once more sold to the same purchasers for $1,770, which sale was afterward confirmed by the court. The difference between the first and last appraisements was less than $100. There seem to have been a good many mishaps, and a good deal of blundering on the part of the officer making the sale of the lands, but we do not think the court below committed any serious mistakes in the case. It is therefore recommended that the judgment of the district court be affirmed.

By the Court: It is so ordered.

All the Justices concurring.