MARY D. BEARDSLEY, APPELLEE, v. WILLIAM E. HIGMAN, APPELLANT, ET AL.

| 58 | 257 |
| 60 | 212 |

FILED MARCH 8, 1899.  No. 8809.

1. Judicial Sale: SHERIFF'S RETURN: MISTAKE. A judicial sale is not void because the sheriff in making his return thereof by mistake recites that he received the order of sale on a date different from that on which he actually received it.

2. ———: APPRAISEMENT. It is error for a sheriff to cause real estate to be reappraised before he has twice advertised and offered it for sale, unless the first appraisement has been set aside by the court

3. ———: ———: ALIAS ORDER. An order of a district court setting aside a sale, but retaining the appraisement made of the property and directing an alias order of sale, is not void if erroneous; and it is not erroneous where the property has only been once offered for sale.

21

APPEAL from the district court of Dawes county. Heard below before BARTOW, J. *Affirmed.*

*George M. Pardoe* and *W. E. Gantt*, for appellant.

*Lewis & Beardsley* and *Albert W. Crites*, contra.

RAGAN, C.

In the district court of Dawes county a decree foreclosing an ordinary real estate mortgage was rendered in favor of Mary D. Beardsley against William E. Higman and others on June 5, 1895. The clerk of the district court of said county issued "an order of sale," to which was attached a certified copy of the foreclosure decree, and delivered the same to the sheriff. The latter caused the property to be appraised, advertised, and sold, and it was purchased by Mrs. Beardsley. This sale was by the court on her motion set aside, the order providing that the appraisement made be retained, and that the clerk issue an alias order of sale for the property. This alias order of sale was issued, the property again sold, purchased by Mrs. Beardsley, the sale confirmed, and from this order Higman has appealed.

1. It is first insisted that the alias order of sale is void, and in support of this remarkable contention it is said that the alias order does not show that any action was ever pending in the district court of said county wherein the parties named in the order of sale were parties to any suit in said court. The alias order of sale is directed to the sheriff of Dawes county and recites: "In a certain action in the district court pending, wherein Mary D. Beardsley is plaintiff and William E. Higman and others are defendants, you are hereby commanded * * *. to sell;" and in order that counsel for appellant may not be again misled as to what the transcript which they have filed here shows, they are respectfully referred to page 22 of the record of this case on file in this court,

where they will find the alias order of sale with the recitation just quoted.

2. A second argument is that the alias order of sale is void because it "does not show upon its face that any decree was rendered in said court in favor of said plaintiff and against said defendants foreclosing said mortgage and ordering the sale of the property described in the same for the satisfaction thereof." The alias order of sale already quoted, found on page 22 of the record in this case, recites that the plaintiff Beardsley in said action recovered of the defendant Higman and others in said action by a consideration of said court a judgment for the sum of $6,088.88 and costs taxed at $13.30, and said order of sale commands the sheriff to advertise and sell certain described real estate for the purpose of satisfying the judgment.

3. A third argument is that "said order of sale is void on its face for the reason that no copy of said decree is set out therein, nor is any copy attached thereto, nor any reference made in said order to the decree of the court ordering the sale of said premises for the satisfaction of said mortgage." Attached to the alias order of sale found on said page 22 of the record is a certified copy of the mortgage foreclosure decree.

4. The sale under consideration was made on January 20, 1896. The sheriff in making his return of said sale recited in said return: "Received this order this 5th day of June, 1895." It is now said that the sale is void because of this recitation. A casual inspection of the record shows that this date—June 5, 1895—was a clerical mistake. This was the date of the original order of sale, not the date of the alias order; but this sale was not void because the sheriff in making his return thereof by mistake recited that he received the order on a date different from that on which he actually received it.

5. Another argument is that the sale made of the real estate by the sheriff on January 20, 1896, was void "for the reason that no appraisement was made of the prop-

erty and filed by the sheriff of said county before adver-
tising and making said sale." The property was ap-
praised by the sheriff and two disinterested freeholders,
residents of said Dawes county, duly sworn to make the
appraisement, etc., on June 14, 1895, and the sale under
consideration was first advertised on December 19, 1895.

6. Another argument is that the sale made by the
sheriff under the alias order of sale was void because he
did not cause the property to be reappraised. The real
estate had already been once appraised and once offered
for sale, and unless that appraisement had been set aside,
it would have been error for the sheriff to cause the real
estate to be reappraised before it had been twice ad-
vertised and offered for sale. (Code of Civil Procedure,
sec. 495.) When the court made an order setting aside
the first sale it did not set aside the appraisement made,
but by its order expressly retained that appraisement
and directed the sheriff to advertise and offer the prop-
erty for sale under such appraisement. It is said by
counsel for appellant that the district court was without
jurisdiction to make that kind of an order. We do not
think it was. Indeed, the order of the court retaining the
appraisement was unnecessary. The order was superflu-
ous. It added nothing whatever to the statute, for unless
the first appraisement made had been vacated by the
court, the sheriff could not cause the property to be re-
appraised until he had twice advertised and offered the
property for sale under the appraisement.

The foregoing are the only arguments which we deem
it necessary to notice. The decree is

AFFIRMED.