## ALEXANDER *et al.* v. AMERICAN NAT. BANK.

No. 5272. Opinion Filed November 16, 1915.

On Rehearing December 7, 1915.

Third Petition for Rehearing Denied January 4, 1916.

(153 Pac. 130.)

1. **REAPPRAISEMENT.** Section 5177, Rev. Laws 1910, provides that in all cases where real estate is taken on execution and appraised, and twice advertised for sale and remains unsold for want of bidders, it is the duty of the court to set aside such appraisement and order a new one.

2. **EXECUTION — Sale — Appraisement — Invalid Judgment.** Where the judgment upon which the execution is issued is invalid and insufficient to support a confirmation of sale, an attempted appraisement is also invalid, and is not controlled by section 5177, **supra.**

(Syllabus by Rittenhouse, C.)

ON PETITION FOR REHEARING.

3. **EXECUTION—Sale of Mortgaged Land—Validity—Appraisement.** Where, under the provisions of section 5156, Rev. Laws 1910, execution is levied upon land incumbered by mortgage, it is the duty of the appraisers to estimate and return the value of the property subject to the mortgage, which is the value of the rights and interests of the mortgagor debtor in such property, which alone may be sold. A sale thereof for two-thirds or more of such appraised value is valid.

(Syllabus by Bleakmore, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by the American National Bank against John S. Alexander and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Wm. P. Harper,* for plaintiffs in error.

*Ames, Chambers, Lowe & Richardson,* for defendant in error.

Opinion by RITTENHOUSE, C. The sole question presented by this record arises under section 5177, Rev. Laws 1910, which provides:

"* * * In all cases where real estate has been or may hereafter be taken on execution and appraised and twice advertised and offered for sale, and shall remain unsold for the want of bidders it shall be the duty of the court from which such execution issued, on motion of the plaintiff, to set aside such appraisement and order a new one to be made. * * *"

The original judgment was rendered September 23, 1911, and an order of sale was issued, and the property under foreclosure was appraised. Subsequent to such appraisement the defendants filed a motion to vacate or modify the judgment and, pending the hearing on this motion, the order of sale was returned unsatisfied. The motion was sustained by the elimination of $841.12 from the amount of the original judgment, and an order of sale was issued on this judgment August 31, 1912, and a new appraisement made. At the sale the property was bought in by the American National Bank, and the sale confirmed. Objection was made to the confirmation on the ground that the sale was void, because the premises had not been offered for sale twice and the appraisement set aside by order of court, as provided by section 5177, *supra,* and in support of their contention the plaintiffs in error have cited the following cases: *Kline et ux. v. Camp et al.,* 49 Kan. 114, 30 Pac. 175; *Burkett et al. v. Clark,* 46 Neb. 466, 64 N. W. 1113; *Beardsley v. Higman,* 58 Neb. 257, 78 N. W. 510. It is conceded by the plaintiff that these authorities, construing similar statutes, would be applicable were it not for the fact that said section presupposes a valid subsisting judgment, a valid

execution, and a valid appraisement, and, inasmuch as the judgment in this case was invalid to the extent of $841.12, any proceeding looking to a sale of said premises upon execution issued thereunder was also invalid, and therefore there could be no valid appraisement. In this argument we concur. The judgment upon which the second execution was predicated was not the same judgment originally entered. It had been declared invalid to the extent of $841.12, and that portion was vacated and set aside. A sale under the first execution could not have been confirmed, as the foundation for an execution is the judgment of the court, and when this foundation is removed or destroyed, the execution and appraisement must fall with it.

The judgment of the lower court is therefore affirmed.

### On Petition for Rehearing.

Opinion by BLEAKMORE, C. Upon petition for rehearing it is contended that the sale under the last appraisement was void for the reason that it was for a less sum than two-thirds of the appraised value of the property. The statutes (Rev. Laws 1910) provide:

Section 5161. "If execution be levied upon lands and tenements, the officer levying such execution shall call an inquest of three disinterested householders, who shall be resident within the county where the lands taken in execution are situate, and administer to them an oath, impartially to appraise the property so levied on, upon actual view; and such householders shall forthwith return to said officer, under their hands, an estimate of the real value of said property."

Section 5156. "* * * And if any of the lands and tenements of the debtor which may be liable shall

be incumbered by mortgage or any other lien or liens, such lands and tenements may be levied upon and appraised and sold, subject to such lien or liens, which shall be stated in the appraisement."

Pursuant to said provisions the real property in question was appraised, and the estimate of its value returned as follows:

"We find and estimate the same to be of total value of ($12,000.00) twelve thousand dollars. The said property being described and separately appraised as follows, to wit: All the right, title, and interest of John S. Alexander et al. in and to the west half of lot eight (8) and all of lot nine (9) in block forty-seven (47) in Oklahoma City, Oklahoma, as the same appears from the recorded plat thereof. To be sold subject to a prior mortgage of $2,000.00 to T. W. Williamson."

The property was sold for $7,000, which sum, it is urged, was less than two-thirds of the appraised value. To this we cannot agree. The return specifically shows that the total value of the property without regard to the mortgage was fixed at $12,000. It is stated in the return that there was a mortgage thereon for $2,000, subject to which the sale was to be made. This was the proper method under the statute by which the value of the interest of the mortgagor in the property was ascertained and estimated at $10,000. The statute contemplated a sale alone of the land subject to the mortgage, the equity of redemption, and this interest only was in fact sold. It brought $7,000, which was more than two-thirds of its appraised value. It is urged, however, by plaintiffs in error that under the provisions of the statute the property must have brought upon the execution sale two-thirds of the $12,000, the total appraised value of the property, exclusive of the mortgage; and, to support this conten-

tion, our attention is directed to the case of *De'Jarnette v. Verner,* 40 Kan. 224, 19 Pac. 666, an action by a mortgagor of real property against the sheriff for damages for the sale of such property upon execution in a prior suit for less than two-thirds of its appraised value. In that case the property was appraised at $1,350 and sold, subject to a supposed mortgage of $800, for $101. In the syllabus it is said:

"Where two-thirds of the appraised value of real estate sold at sheriff's sale was $901 and there was a supposed mortgage on the property of $800, and the sheriff sold the property for the sum of only $101, but subject to such mortgage, he sold the property for less than two-thirds of its appraised value."

In that case no mortgage in fact existed upon the property, and no such appraisement was made as in the instant case.

In our opinion the provisions of the statute above quoted clearly contemplate an appraisement and sale only of the rights and interests of the mortgagor debtor in the property subject to the mortgage, and it is the duty of the appraisers to ascertain and estimate, as was done in this case, the value of such interest, and a valid sale thereof is had when such interest brings two-thirds of such appraised value. The proceedings in the instant case were, in this respect, consonant with the statutory provisions, and the sale is valid. Rehearing denied.

By the Court: It is so ordered.