## BRAUNS v. DONAHOE.

No. 17629. Opinion Filed Sept. 20, 1927.

(Syllabus.)

1. **Mortgages — Foreclosure — Confirmation of Sale.**

On motion to confirm the sale in a foreclosure proceeding, under section 709, C. O. S. 1921, it is the duty of the court to carefully examine the proceeding of the officer to determine if the sale has in all respects been made in conformity to the statutes, and if the same has been so made, it is the duty of the court to confirm the sale.

2. **Same—Confirmation of Sale Sustained.**

The record examined, and held, the pleadings and evidence sufficient to sustain the order and judgment of the trial court confirming sheriff's sale under foreclosure.

Commissioners' Opinion, Division No. 1.

Error from District Court, Rogers County; C. H. Baskin, Judge.

Action by J. L. Donahoe against Evelyn B. Brauns to foreclose real estate mortgage. Judgment of foreclosure, order of sale, sale thereunder and purchase by plaintiff. Defendant filed objections to confirmation of sheriff's sale, which were overruled and sale confirmed. Defendant appeals. Affirmed.

Lewis & Wortman, for plaintiff in error.

Breckenridge & Bostick, for defendant in error.

LEACH, C. This appeal is prosecuted

from an order of the district court of Rogers county, confirming a sale of real estate over objections of the plaintiff in error, defendant below. The original action, in which the order of sale was made, was to foreclose a second mortgage executed by plaintiff in error, defendant below, covering 300 acres of land. A judgment was rendered in the case for the approximate sum of $6,-000. which sum included considerable delinquent interest and taxes, and for foreclosure of a second mortgage, subject to a first mortgage, for the sum of $15,000, on the lands described in plaintiff's petition.

Pursuant to judgment an order of sale was issued, the land was appraised, and the total value thereof fixed at $12,000, the appraisement recites and shows "and that all the right, title and interest of the said defendants in and to said lands is subject to a prior mortgage to the Missouri State Life Insurance Company in the sum of $13,000."

Upon a sale of the lands, after due advertisement, the same were bid in and purchased by the plaintiff in the cause for the sum of $500, subject to the first mortgage. Motion to confirm the sheriff's sale was filed by plaintiff, and objections to confirmation of sale were filed by defendant, in which objection it is alleged that said sale was not held in accordance with the laws of the state of Oklahoma; that defendant is unable to determine whether or not said lands and tenements were intended to be appraised at a total value of $12,000 or $25,000; that if appraisers meant to appraise the lands at a value of $12,000, then such appraisement is wholly inadequate and unfair; that said property is reasonably worth $27,000, and that to appraise said properties at $12,000 would be highly prejudicial to defendant and prevent her from realizing on a large equity.

Upon a hearing before the court on the motions, the defendant, Evelyn B. Brauns, gave her testimony and that of another witness as to the value of the lands sold, and the brief of plaintiff in error apparently raises only the question of the inadequacy of the value under appraisement and price on sale, and no evidence or argument is presented respecting any other irregularity in the appraisement or sale proceedings.

The trial court confirmed the sale, and defendant, Evelyn B. Brauns, prosecutes this, her appeal, from the judgment confirming sale.

Defendant testified, in substance, that she had owned the land since the fall of 1923; that she paid $60 per acre for the same, and

had placed the first and second mortgages thereon; that she estimated the land to be worth $90 an acre; that she had recently put some improvements thereon, a one-half stone and one-half frame cottage, doubled the barns and chicken houses; that she had recently been approached to lease the property for oil and gas; that there was a well drilling about a mile from there; that she was unable to lease the land on account of the foreclosure proceedings clouding the title.

E. M. Lowe, the other witness testifying on behalf of defendant, testified, in substance, that he had been in the land business in Oklahoma since 1908; had not operated much in Rogers county, but in Muskogee, Tulsa, Creek, Okmulgee, and through that region of the country; had seen the land in question; went over it pretty well in June or July; that it seemed to him that the land ought to sell for $90 to $100 an acre; and could have been a short time ago; the money market is bad now; estimated the value to be $80 or $90 an acre; had heard tell of one or two farms selling in the vicinity, and in answer to the question put by the court: "Q. Do you think if it were put on the market now that it would sell for $90 an acre?" he answered: "I don't know whether it would or not, because the money market is mean on land." Said he was at a loss to say what land would sell for now; he would have to hunt a buyer. On cross-examination said: "It looks like it ought to sell for $75 or $80, if you found a man that wanted to buy a farm at all."

Apparently neither of the parties testifying was informed or well acquainted with land value in the vicinity, and no great weight can be attached to their idea of the value of the land. There is no allegation or proof of unfairness on the part of the successful bidder, no claim of irregularity in the sale, or that the mortgagor did not have the right or was prevented in any manner from protecting her equity at the sale.

The evidence of defendant is insufficient to overcome the presumption that the appraisers made a fair and impartial appraisement and value on the lands, or to show there was such an inadequacy in the price as to shock the conscience.

Under the rules laid down in the decisions of this court in the cases of Wheeler & Motter Merc. Co. v. Wright, 64 Okla. 97, 166 Pac 185; Alexander v. Amer. Nat. Bank, 54 Okla. 345, 153 Pac. 130, and Oklahoma Farm Mortgage Co. v. Hatcher, 106 Okla. 262, 234

rac. 703, the trial court in the case at bar committed no error in confirming the sheriff's sale, and we find that the judgment is supported by the evidence, and is in accord with law and equity.

Defendant in error, plaintiff below, in his brief. moves this court to render judgment on the supersedeas bond in this case for the sum of $5,308.28, interest, attorney's fees. and costs. The amount of the judgment asked for on the supersedeas bond is apparently the amounts and sums for which plaintiff obtained judgment in the lower court.

It will be observed that this appeal is not from the personal judgment rendered against the defendant below, plaintiff in error here, but is only from the order and judgment of the court confirming sheriff's sale of land; that the supersedeas bond is given to stay the judgment confirming the sale and is conditioned to pay any damages and costs assessed against appellant by virtue of her appeal. The plaintiff, defendant in error, would be entitled to recover on the bond only such damages as he may have suffered by reason of delay in obtaining sheriff's deed and stay of judgment confirming sale, including costs of appeal, and we are not authorized to award judgment on the bond for the sums prayed for. The costs of the court in this appeal wlil be certified to the trial court, and may be recovered together with any other sums shown to be due under the supersedeas bond by proper showing and proceedings in the trial court.

The judgment of the lower court is affirmed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 1708; 19 R. C. L. 581. (2) 27 Cyc. p. 1709.