### MILLER et al. v. AMERICAN BANK & TRUST CO.

No. 24433.   Feb. 5, 1935.

Rehearing Denied March 12, 1935.

R. A. Howard, for plaintiffs in error.

Dolman, Dyer & Dolman, for defendant in error.

PER CURIAM. The record discloses that the defendant in error, the American Bank & Trust Company, of Ardmore, Okla., in a cause pending in the district court of Carter county, Okla., on the 21st day of August, 1931, procured a judgment, by default, after personal service, against the plaintiffs in error, J. M. Miller and Carrie Miller, defendants in said cause, upon a promissory note signed by them, in the sum of $4,827, with interest and attorneys' fees, and that thereafter, on the 8th day of June, 1932, an execution upon the said judgment was duly issued and levied upon certain lands described in the record, consisting of an undivided one-half interest in one tract of land and all of another tract of land, both described in detail in the record.

It appears that the plaintiffs in error were owners of said property; that they for a number of years had permitted taxes to accumulate upon said property without payment.

That said execution was levied by the sheriff of Carter county upon the said described tracts of land on the 11th day of June, 1932, and three appraisers duly appointed to view and appraise the same. The said appraisers were appointed on the 10th day of June, 1932, and upon the same day filed their oaths, as required by law, and upon the 11th day of June, 1932, filed their return of appraisement, in which the said undivided one-half interest in the said tract of land was appraised at $897.47, subject to $102.53 unpaid taxes for 1930 and 1931; and the second tract of land was appraised at the sum of $50, subject to unpaid taxes for the years 1926 to 1931, both inclusive, in the sum of $635.81.

The said property was duly advertised for sale and sold to the defendant in error herein for the sum of $1,400 for the first described tract of land, and for the sum of $100 for the second, each of said sums being more than two-thirds of the appraised value of the said property.

On the 29th day of June, 1932, the plaintiffs in error filed their motion to vacate the appraisement of the said land, which was by the court heard and overruled, and thereafter the defendant in error, as purchaser of said property, filed its motion for a confirmation of said sale on the 21st day of June, 1932, which motion was contested by plaintiffs in error by their protest filed on the 22nd day of July, 1932, and the matter was thereafter, on the 10th of August, 1932, heard by the trial court and evidence in support of the contentions of the respective parties received; and the court, after hearing the said evidence and the objection of the plaintiffs in error, did, on August 10, 1932, overrule the said protest against confirmation, and confirmed the said sale, and from this action of the court an appeal has been duly prosecuted in this proceeding.

Objection to the confirmation of said sale is based by plaintiffs in error upon the grounds that the appointment of the appraisers on the 10th of June, previous to the levy made by the sheriff on said property on the 11th of June, and their having filed their oaths before viewing and appraising the property, invalidated the appraisal and consequent sale and confirmation: also, that the appraisers were paid $8 each, which sums were in excess of the appropriate amounts due them; also, that the appraisers did not actually view and appraise the land; also, that the appraisers were laboring under bias in favor of the plaintiff below, and that F. O. Schneider, one of the appraisers, was an employee of one of the officers of the bank, defendant in error; and for the further general reason that the sheriff's actions were irregular, illegal, and void, and that plaintiffs in error did not have a fair and impartial "deal" in said sale.

This court has in numerous instances passed upon the propriety of appraisal of properties, and in the cases of Alexander v. American National Bank, 54 Okla. 345, 153 P. 130; Guaranty Bank of Oklahoma City v. Galbreath, 99 Okla. 9, 225 P. 971, and Hewitt v. Voils, 147 Okla. 270, 296 P. 447, announced the doctrine that the statute (Stats. 1931, sec. 445) relating to appraisals of property seized under execution requires that the rights and interest of the owner of the property subject to a mortgage or other incumbrance is that interest which must be appraised and sold, and that it is the duty of appraisers to ascertain and estimate the value of such interest, and that a valid sale thereof is had when such interest brings two-thirds of such appraised value.

The appraisers appointed by the court appear from the record to have viewed the property sufficiently to determine its value, and as this was one of the issues in the court below, and was determined adversely to the contention of the plaintiffs in error, the finding of the trial court will not be disturbed.

We find no error in the proceedings below. The fact of the employment of F. O. Schneider, one of the appraisers, the date of appointment of the appraisers and their taking oath previous to the levy upon the land, if erroneous, is not shown to have been harmful.

The adequacy of the amount for which the property was sold seems well supported by the evidence in this case, and the judgment of the trial court is therefore affirmed.

The Supreme Court acknowledges the aid of Attorneys Ed. Waite Clark, Samuel A. Boorstin, and N. A. Gibson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Gibson and approved by Mr. Boorstin and Mr. Clark, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.