### JACOBS v. AMERICAN BANK & TRUST CO. et al.

No. 26998. Feb. 2, 1937.

Rehearing Denied June 8, 1937.

Sigler & Jackson, for plaintiff in error.

A. Francis Porta and J. B. Moore, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Carter county in an action for an injunction. The parties occupy the same positions here as in the trial court and will be referred to as plaintiff and defendants. On February 5, 1935, in the case of Miller v. American Bank & Trust Company, 171 Okla. 99, 40 P. (2d) 1074, the action of the trial court in over-

ruling objections to the confirmation of sheriff's sale of certain lands was affirmed, and petition for rehearing thereon was denied on March 12, 1935. In the above cause J. M. Miller and Carrie Miller were plaintiffs in error, and therein it was noted: "It appears that the plaintiffs in error were owners of said property."

Thereupon the plaintiff instituted this action on March 16, 1935. In her petition plaintiff alleged that she was the owner of and entitled to the immediate possession of an undivided one-half interest in and to the N. W. ¼ of the N. E. ¼ and N. ½ of S. W. ¼ of the N. E. ¼ and the N. ½ of N. W. ¼ and the N. ½ of the S. E. ¼ of the N. W. ¼ of section 35, township 2 south, range 3 west, Carter county, Okla., and had been such since the 1st day of November, 1920; that on August 21, 1931, the American Bank & Trust Company by the consideration of the district court of Carter county was given judgment against J. M. Miller and Carrie H. Miller; that pursuant to an execution issued on such judgment the sheriff of Carter county had levied upon, advertised, and sold said above-described lands to the American Bank & Trust Company, and was about to issue a sheriff's deed to said lands. Plaintiff further alleged that prior to and subsequent to the rendition of such judgment, and the issuance of said execution and levy and sale had thereunder, the aforesaid judgment debtors had no right, title, interest or estate in or to said lands, and that the execution of said deed and the recording thereof would cast a cloud upon the title of the plaintiff and cause her irreparable injury and damage, and that she was without a speedy and adequate remedy at law in the premises. Wherefore she prayed a permanent injunction enjoining said defendants from issuing, receiving and recording said deed or in any manner clouding her title to said land. Plaintiff attached as exhibits to her petition copy of warranty deed dated November 1, 1920, and recorded July 2, 1932, from J. M. Miller and Carrie H. Miller to Mrs Belle Jacobs, and conveying an undivided 7/16 interest in the above-described lands and an executor's deed dated April 19, 1935, made by Jesse E. Eschbach, executor of the last will of Louis Heilbroner, to Bell Jacobs and conveying an undivided 1/16 interest in the above-described lands. This last instrument reciting that said interest had been formerly conveyed to the decedent by J. Maurice Miller and Carrie H. Miller by an instrument dated January 14, 1922, and recorded July 18, 1932. The defendants for answer denied the allegations of the petition; generally admitted that the judgment had

been obtained as set forth in the petition and that the property had been levied upon and sold and said sale duly confirmed by the district court of Carter county and the sheriff of said county ordered to execute a deed thereunder, and that appeal had been taken from the order denying protest of confirmation of said sale, and that the action of the district court had been affirmed by this court and the mandate issued, and pleaded said judgment in bar of the action. The defendants further alleged that the plaintiff had no right, title, or interest in the premises; denied that the deed from J. M. Miller and Carrie H. Miller had been executed on the 1st day of November, 1920, but alleged that if said deed had been executed at all, it was after the American Bank & Trust Company had obtained its judgment and was for the purpose of hindering, delaying, defrauding and defeating said defendant and its successors in the enforcement of its judgment. Defendants further alleged that Carrie H. Miller was a sister and Louis Heilbroner was a brother of the plaintiff and that said parties had entered into a conspiracy with the said J. M. Miller to defraud the American Bank & Trust Company and for the purpose of defeating the title of the State Banking Commissioner. Defendants further pleaded that the title to the premises had vested in the American Bank & Trust Company and that the same had passed into the possession of the State Banking Commissioner and was vested in Howard C. Johnson, Bank Commissioner of the State of Oklahoma, and asked that he be made a party to the suit. Defendants further alleged that the plaintiff had never asserted or claimed any right, title or interest in the property until after the same had been sold, and that J. M. Miller had for years been the owner of said property and had subsequently conveyed the same to his wife, Carrie H. Miller, and that the said J. M. Miller and Carrie H. Miller had retained possession of said property at all times and collected the rents, royalties and revenues therefrom, signed division orders in which they alleged that they were the owners of said property, and that all of said acts on the part of J. M. Miller and Carrie H. Miller were known to the plaintiff and were acquiesced in by her, and that she was thereby estopped from claiming any interest in said premises. Defendants asked that the deeds of the plaintiff be canceled and that the injunction be denied. Defendants also denied the validity of the executor's deed, alleging that the said Jesse Eschbach had never acquired any interest thereunder. On the trial of the case the court found that the Ameri-

can Bank & Trust Company had obtained a judgment against J. M. Miller and Carrie H. Miller and that the property had been levied upon pursuant thereto and sold under execution and that the sale had been confirmed and the sheriff directed to issue a deed; that it had been appealed to this court and affirmed and that the deeds relied upon by the plaintiff were null and void, and decreed their cancellation, denied the plaintiff any relief, and directed the sheriff to execute a deed to Howard C. Johnson, Bank Commissioner, as successor of the American Bank & Trust Company. At the trial the plaintiff sought to prove her case by introducing a copy of the warranty deed from J. M. Miller and Carrie H. Miller as the same appeared of record in the office of the county clerk, by introducing the executor's deed and her testimony with respect to the manner, time, method in which she had purchased and acquired the property. This testimony was vague, indefinite, and uncertain. Plaintiff testified that she had lived in Pittsburgh, Pa., for some 30 or 35 years; that she had bought the land involved from her sister, Carrie H. Miller, some time in 1920; that she did not get the deed then, but that she did later, the exact time she was unable to state; that she had received the deed by registered mail, placed the same in her trunk, where she had kept it until her husband died about nine years before; that after her husband's death she put the deed in another daughter's box in a bank in Pittsburgh; that from 1920 until the bank levied upon the lands she had received the rents and royalties which had been sent her by her sister, Carrie H. Miller; that she knew nothing about what was going on until her royalty payments were stopped; that she did not know where the original deed from the Millers to her was. She testified further that she had paid $2,000 as a consideration for the deed and had made such payment by check, but that she did not have the check; that she had never seen the property but one time; had never signed any division orders and that she was unable to produce any letters which the Millers had written her concerning the sale of the land; that her husband was fond of playing poker and would give her his winnings, and that she had saved up $2,000 out of the same and used it in the purchase of the land. She further testified that Louis Heilbroner was her brother and had died in Ft. Wayne, Ind. The defendants over the objection of the plaintiff introduced considerable evidence of acts and statements of the Millers tending to show that they and not the plaintiff were the owners of the land. The

plaintiff assigns as error the overruling of her motion for new trial and that the judgment is contrary to the law and the evidence. These are presented under the contentions that the court erred in admitting incompetent testimony, in permitting the defendant to prove certain declarations, acts and written statements of J. M. Miller and Carrie H. Miller with respect to the property, and in rendering judgment for the plaintiff against the defendants. Plaintiff contends only such interest in the land as was actually owned by the Millers at the time of the levy thereon can be taken under the execution. Citing Oklahoma State Bank of Wapanucka v. Burnett, 65 Okla. 74, 162 P. 1124; Adams v. White, 40 Okla. 535, 139 P. 514; Gilbreath v. Smith, 50 Okla. 42, 150 P. 719; City Guaranty Bank of Hobart v. Boxley, 132 Okla. 183, 270 P. 69. The above cases are authority for the rule thus contended for by the plaintiff, but have no application to this appeal. The plaintiff alleged that she was the owner of the property and entitled to its possession and sought injunctive relief in protecting her right therein. As said by this court in Thomas v. Morgan, 113 Okla. 212, 240 P. 735, 43 A. L. R. 934:

"Complainant must have title to the property or some interest therein before an injunction will be granted at his instance to protect it, and he must stand on the strength of his own right or title rather than on the weakness of the right and title claimed by his opponent."

In reviewing the record we are satisfied that the trial court correctly came to the conclusion that the plaintiff had failed to sustain the burden resting upon her. Her evidence was so vague, unsatisfactory and inherently improbable, that the court was justified in refusing to accord it any probative value. This is an equitable action, and the finding and judgment of the trial court will be reversed when it appears from an examination of the record that the same are against the clear weight of the evidence. Schock v. Fish, 45 Okla. 12, 144 P. 584. When the judgment and findings, however, are not against the clear weight of the evidence, but are supported thereby, the same will be affirmed. Prentice v. Freeman, 76 Okla. 260, 185 P. 87; Renas v. Green, 88 Okla. 169, 212 P. 755; Morrison v. Krouch, 141 Okla. 288, 285 P. 10; House v. Gragg, 170 Okla. 550, 44 P. (2d) 832. We are of the opinion after a careful reading of the record that the finding of the trial court that the Millers were the owners of the land at the time of the levy made thereon and the sale thereof, and that the plaintiff had no right, title, or

interest therein, is supported by the clear weight of the evidence, and that the judgment should not be disturbed.

Judgment affirmed.

OSBORN. C. J., BAYLESS, V. C. J., and WELCH, PHELPS, CORN, and HURST, JJ., concur. RILEY, BUSBY, and GIBSON, JJ., absent.